Judge Hellerstein        11 CIV 1091

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ADAM SCHNECK,                             :
                              Plaintiff   :

          -against-                       :
                                          :

                                          :        RECEIVED
                                          :        FEB 17 2011
METROPOLITAN TRANSPORTATION               :        COMPLAINT AND N.Y.
AUTHORITY, ELLIOT SANDER, EXECUTIVE       :        JURY DEMANDERS
DIRECTOR AND CHIEF EXECUTIVE OFFICER      :
OF THE MTA, KEVIN McCONVILLE, CHIEF OF    :
THE MTA POLICE DEPARTMENT, POLICE         :
OFFICER PEREZ OF THE MTA POLICE           :
DEPARTMENT, POLICE OFFICER MORRIS         :
OF THE MTA POLICE DEPARTMENT, THE CITY    :
OF NEW YORK                               :
                              Defendant(s), :
-----------------------------------------------------------------x


## PRELIMINARY STATEMENT

1.      This is an action for monetary damages (compensatory and punitive)

against THE METROPOLITAN POLICE DEPARTMENT ("MTA") and ELLIOT

SANDER, EXECUTIVE DIRECTOR AND CHIEF EXECUTIVE OFFICER OF THE

MTA, KEVIN McCONVILLE, CHIEF OF THE MTA POLICE DEPARTMENT,

POLICE OFFICER PEREZ OF THE MTA POLICE DEPARTMENT AND POLICE

OFFICER MORRIS OF THE MTA POLICE DEPARTMENT and THE CITY OF

NEW YORK arising out of the false arrest and false imprisonment of ADAM

SCHNECK.

2.      On February 20, 2008, POLICE OFFICERS of the MTA POLICE

DEPARTMENT including POLICE OFFICER PEREZ and POLICE OFFICER

MORRIS, as well police officers working for the New York City Police Department acting under the color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, false imprisonment and detention for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.      The Plaintiff, ADAM SHNECK, through his attorney, JONATHAN A. FINK, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.      This action is brought under 28 USC §§ 1331 and 1343, 42 §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.      Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York County. In addition, defendant MTA maintains an office within this judicial district.

## PARTIES

7.      Plaintiff at all times relevant hereto resided in the City and State of New York County of New York.

8.    Defendant METROPOLITAN TRANSPORTATION AUTHORITY

("MTA") is a New York State chartered public-benefit corporation, established in

1967 pursuant to New York State Public Authorities Law 1263.  Its headquarters

are located at 347 Madison Avenue, New York, NY.  The MTA is empowered to by

the Public Authorities Law 1266-h to maintain a Police Department which is acts as

its agent in the areas of security and law enforcement and for which it is ultimately

responsible. In 1998 the Police Departments of the Long Island Railroad and Metro-

North Railroad merged to become the MTA Police Department.  The MTA Police

Department provides full police services throughout the three regions of the MTA

system.

9.    Defendant THE CITY OF NEW YORK was at all relevant times

hereto, a municipal corporation duly organized and existing under the laws,

statutes and charters of the State of New York.

10.    That at all times mentioned herein, defendants who were employed by

the New York City Police Department were acting under color of state and local

law, to wit, under color of statutes, ordinances and regulations policies, customs and

usages of the City of New York and State of New York.

11.    That at all times hereinafter mentioned, and upon information and

belief, the individual defendants who were working for the New York City Police

Department are named herein both personally and in their official representative

capacity as police officers employed by the defendant THE CITY OF NEW YORK.

And that each and all of the acts of the individual defendants who were working for

the New York City Police Department alleged herein was done by the individual defendant and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and as employees of the defendant, THE CITY OF NEW YORK.

12.    That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under the doctrine of "respondeat superior."

13.    Defendant ELLIOT SANDER ("SANDER") was the Executive Director and Chief Executive Officer of the MTA, and was acting in such capacity at all times relevant herein.  He is sued in his official capacity.

14.    Defendant KEVIN McCONVILLE ("McCONVILLE") was Chief of the MTA Police Department and was acting in such capacity at all times relevant herein.  He is sued in his official and individual capacity.

15.    Defendant POLICE OFFICER PEREZ is a police officer of the MTA Police Department and was acting in such capacity at all times relevant herein. He is sued in his official and individual capacity.

16..    Defendant POLICE OFFICER MORRIS is a police officer of the MTA Police Department and was acting in such capacity at all times relevant herein. He is sued in his official and individual capacity.

## FACTUAL ALLEGATIONS

17.    On February 20, 2008 at approximately 6:00 p.m., members of the MTA Police Department, including defendant POLICE OFFICER PEREZ and

4

defendant POLICE OFFICER MORRIS as well as police officers employed by the New York City Police Department, at or around Grand Central Terminal, New York, New York, forcefully arrested plaintiff for allegedly not having a train ticket and for trespass.  Plaintiff was then forcefully escorted from the platform by the police officers and told that if plaintiff returned to the platform plaintiff would be handcuffed.

18.     As a result, defendants imprisoned and detained plaintiff, restrained him, and deprived him of his liberty and property without any right to do so, and against the will of the plaintiff.

19.     The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

20.     The plaintiff remained in custody for approximately one-half hour.  As a result of being arrested, plaintiff was required to appear in Manhattan Community Court located at 314 West 54th Street on April 25, 2008 on which date plaintiff's case was dismissed.

21.     The reasons given by the arresting officers in their report were pretextual in that the plaintiff was arrested for photographing a classic train that was on one of the tracks at Grand Central Station.  At the time of his arrest the plaintiff advised the arresting officers that he had a legal right to photograph the trains.  Despite the arresting officers being on actual notice of the unconstitutionality of the plaintiff's arrest, plaintiff was still arrested.

22.     After defendants put the plaintiff in custody defendants took plaintiff's video camera and removed the video camera's memory card.  Defendants also took plaintiff's learner's permit.

23.     Defendants acted maliciously and intentionally.

24.     As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, loss of liberty, psychological injury, emotional distress and mental anguish.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

25.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

26.     Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

27.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

28.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

6

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

29.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

30.     Defendant POLICE OFFICER PEREZ and defendant POLICE OFFICER MORRIS of the MTA POLICE DEPARTMENT and police officers of the New York City Police Department illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

31.     That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.  In addition, defendants unlawfully and unconstitutionally engaged in a

taking of plaintiff's property by confiscating and failing to return his video camera's memory card and his learner's permit.

32.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

33.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

34.     Defendant POLICE OFFICER PEREZ and POLICE OFFICER MORRIS of the MTA POLICE DEPARTMENT and other members of the New York City Police Department illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

8

35.     That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

36.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

37.     Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

38.     Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

39.     Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

40.     Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

41.     Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

42.     Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

43.     Defendants subjected plaintiff to false arrest and false imprisonment.

10

44.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.


## JURY DEMAND

Plaintiff demands a jury trial.

Dated: New York, New York
        February 17, 2011

                                FINK & KATZ, PLLC


                        By      Jonathan A. Fink
                                One of Plaintiff's Attorneys


Attorneys for Plaintiffs
Jonathan A. Fink
Fink & Katz, PLLC

11

40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: 212-385-1373
Fax: 212-202-4036

Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: 212-248-7906
Fax: 212-248-7908